UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
PATRICIA GREEN,

                             Plaintiff,

       -against-

COMMISSIONER OF SOCIAL SECURITY,

                            Defendant.
----------------------------------------------------------------x

MEMORANDUM & ORDER

14-CV-1536 (ENV)

VITALIANO, D.J.

      Plaintiff Patricia Green began this action on April 2, 2014, requesting review of a final decision of the Commissioner of Social Security ("the Commissioner"), denying her claim for Disability Insurance Benefits ("DIB") under the Social Security Act ("the Act"). On April 27, 2015, the Commissioner moved to dismiss the complaint on statute of limitations grounds. Dkt. 15. After the case was reassigned on February 20, 2018, this Court denied the motion to dismiss on September 28, 2018. Dkt. 21. Thereafter, on March 4, 2019, the Commissioner moved to voluntarily remand the case for additional proceedings. Dkt. 25. The motion to remand is granted.

## Background

      Green applied for DIB on February 12, 2010, alleging a disability onset date of January 25, 2010, resulting from a back injury sustained in 2005. Dkt. 26 at 1, 6. At a hearing held on April 11, 2012, and at a second hearing on November 13, 2012, Administrative Law Judge Alan B. Berkowitz considered evidence submitted by a number of doctors, including Green's treating physician, Dr. Tarika James. *Id.* Dr. James submitted a statement indicating that she treated plaintiff every one to three months, beginning in 2009. *Id.* at 2.

1

In determining that Green was not disabled, the ALJ applied the five-step sequential evaluation process. Initially, the ALJ determined that plaintiff met the insured requirements of the Act through December 31, 2014. *Id.* at 9. At step one, the ALJ determined that Green had not engaged in substantial gainful employment during the relevant period. *Id.* At step two, the ALJ found that Green suffered from a number of severe impairments: diabetes mellitus, asthma, high blood pressure, obesity and back pain. *Id.* At step three, the ALJ found that plaintiff did not have an impairment or combination thereof that met or medically equaled the severity of any listing. *Id.* The ALJ concluded that Green had the residual functional capacity to perform sedentary work. *Id.* Specifically, at step four, the ALJ found that Green could perform her past relevant work as a legal secretary. *Id.* The ALJ thus found plaintiff to be "not disabled" at step four. *Id.*

## Discussion

The Commissioner acknowledges here that the ALJ did not properly consider the opinions of Green's treating physician, Dr. James, and failed to explain why Dr. James was not credited "in finding Plaintiff not disabled based on an RFC for a significant range of sedentary work." *Id.* at 11. The Commissioner also concedes that the ALJ was "required to explain how he reconciled the[] conflicts in the evidence to permit a meaningful judicial review of his RFC finding," but that he failed to do so. *Id.* In particular, the Commissioner notes that the record contains "starkly conflicting medical opinions concerning Plaintiff's physical functioning, ranging from Dr. James's opinion on the restrictive end to the opinions" of two consultative examiners, "who both issued medical opinions consistent with and supportive of the ALJ's RFC finding." *Id.*

Naturally, Green does not contest the Commissioner's arguments that the ALJ erred in weighing the evidence. Instead, Green, in a brief letter to the Court, argues that a remand "solely for calculation of benefits . . . would be sufficient because Step[s] 1-4 have clearly been already established. . . . But in light of all the testimony[y] and evidence the[re] is still a chance of my case being denied." Dkt. 29. As the Commissioner correctly points out, however, remanding solely for calculation of benefits is a remedy "only appropriate 'when the record provides persuasive proof of disability and a remand for further evidentiary proceedings would serve no purpose.'" *Patel v. Colvin*, No. 10-CV-04617 (ENV), 2013 WL 3873234, at *10 (E.D.N.Y. July 25, 2013) (quoting *Pratts v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980)).

In this case, there exists objective evidence on both sides of the ledger – including Dr. James's opinions, which tend to support a finding of disability, and those of the other medical experts, which tend to support the opposite outcome. There is, in sum, more litigation required to assess the import of the conflicting evidence, which, in the order of priority, is first left to an administrative law judge. It is the province of the ALJ to properly weigh the evidence, in accordance with the applicable law, in determining whether Green is entitled to benefits under the Act. The remand requested by both parties is appropriate; limiting that remand to a mere calculation of benefits is not.

## Conclusion

For the foregoing reasons, the Commissioner's motion to remand is granted. Accordingly, the decision of the ALJ is vacated and the matter is remanded for further administrative proceedings consistent with this Order.

Plaintiff's letter motion to limit remand to a calculation of benefits is denied.

The Clerk of Court is directed to enter judgment accordingly, to mail a copy of this Memorandum & Order to the *pro se* plaintiff and to close this case for administrative purposes.

So Ordered.

Dated: Brooklyn, New York
August 25, 2019

s/Eric N. Vitaliano
ERIC N. VITALIANO
United States District Judge